| | |
|---|---|
| Thomas Kinne, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-62183-Civ-Scola |
| IMED Health Products, LLC, and | ) |
| Christopher McCall, Defendants. | ) |

**Order Denying Motion to Dismiss**

Plaintiff Thomas Kinne has filed suit, seeking relief for unpaid overtime wages and the willful filing of fraudulent information returns by IMED Health Products, LLC ("IMED") and Christopher McCall (together, "Defendants"). In response, the Defendants submit Kinne's complaint should be dismissed for its failure to state a claim under the Fair Labor Standards Act (FLSA) and 26 U.S.C § 7434. (Def.'s Mot., ECF No. 14.) After careful analysis, the Court mostly disagrees with the Defendants and finds Kinne has indeed stated a claim for relief under both the FLSA and 26 U.S.C. § 7434. The Court agrees with the Defendants, however, that Kinne has not sufficiently alleged individual coverage under the FLSA. The Court therefore **denies** the Defendants' motion in large **part** but **grants** it with respect to Kinne's allegations as to individual coverage. (**ECF No. 14**.)

1. **Background**[1]

Kinne worked for Dependable Healthcare, a wholesales medical supplies company owned by IMED, where he provided marketing, sales, and delivery services. (Compl. at ¶¶ 5, 7, ECF No. 1.) Kinne worked approximately 50 hours per week from July 2015 to January 2018, excluding April through mid-July 2017. (*Id.* at ¶ 22.) However, Kinne did not receive overtime pay. (*Id.* at ¶ 19.) Kinne's salary was supposed to have been $500 per week plus commissions; the Defendants, however, never paid him the commissions. (*Id.* at ¶ 23.) The Defendants controlled the manner and scope of Kinne's employment. (*Id.* at ¶ 28.) Initially, the Defendants classified Kinne as an employee and provided him a W-2. (*Id.* at ¶¶ 17-18.) Beginning in mid-2016, however, the Defendants issued Kinne a Form 1099 and identified him as an independent contractor.

---

[1] The Court accepts the complaint's allegations, as set forth below, as true for the purposes of evaluating the motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

(*Id.* at ¶ 37.) The amount listed on the 2017 Form 1099—$22,900—did not reflect the amount paid to Kinne during that year—$13,800. (*Id.* at ¶ 38.)

McCall is the owner and operator of IMED and has operational control of IMED's functions: hiring and firing employees, setting wages, retaining time and/or wage records, supervising and controlling Kinne's work, and the power to stop any illegal pay practices. (*Id.* at ¶¶ 8-10.) At all times relevant to this dispute, IMED's gross revenue exceeded $500,000. (*Id.* at ¶ 14.)

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all allegations in the complaint as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Faced with a motion to dismiss, a court should therefore "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their accuracy and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 662 (2009)).

### 3. Kinne sufficiently pleads a cause of action under the FLSA.

The FLSA requires an employer to pay its employee "an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week." *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011); *see also* 26 U.S.C. § 207(a). "If a covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid overtime wages and back pay." *Josendis*, 662 F.3d at 1298; *see also* 26 U.S.C. § 216(b). "In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is 'covered' by the FLSA." *Josendis*, 662 F.3d at 1298. This requires a showing that the jurisdictional prerequisite of "interstate commerce" exists in a given case, a showing that may be made by establishing "individual coverage" or "enterprise coverage." *Id.* Here, the court finds that the complaint alleges only enterprise coverage.

### A. Kinne does not sufficiently allege individual coverage under the FLSA.

To assert individual coverage, an employee must show that "he is *directly* and *regularly* 'engaged in' interstate commerce." *Id.* (emphasis in original) (citing *Thorne v. All Restoration Servs. Inc.,* 448 F.3d 1264, 1266 (11th Cir. 2006)). Thus, an employee must allege that he was "directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Id.* (citations omitted).

Here, Kinne alleges that his work for the Defendants included "marketing, sales, and deliveries." (Compl. at ¶ 5.) Although, Kinne contends that the Court can infer this means Kinne made and received interstate telephone calls, it is not enough for the Court to find that Kinne directly participated in the actual movement of persons or things in interstate commerce on a recurrent basis. *See Curry v. High Springs Family Practice & Diagnosis Center, Inc.,* No. 1:08-cv-0008-MP-AK, 2009 WL 3163221, at *3–4 (N.D. Fla. Sept. 30, 2009) (holding that a plaintiff was not engaged in commerce under the FLSA because her communication with out-of-state insurers, which occurred two or three times per week, "did not rise to the level of regular activities in interstate commerce"). Although a plaintiff "need not do much" to plead individual or enterprise coverage, this Court has held that a plaintiff fails to adequately plead individual coverage where the plaintiff does not allege specific facts concerning the nature of the plaintiff's work and whether the work involved a connection to interstate commerce. *Ceant v. Aventura Limousine & Transp. Serv., Inc.,* 874 F. Supp. 2d 1373, 1377 (S.D. Fla. 2012) (Scola, J.); *see also Perez v. Muab, Inc.,* No. 10-62441, 2011 WL 845818, at *3 (S.D. Fla. Mar. 7, 2011) (Cohn, J.) (mere recitation of the statutory language that an individual was engaged in commerce is insufficient to allege individual coverage). The Court agrees with the Defendants that Kinne's allegations relating to individual coverage are too conclusory to state a claim. The Court therefore dismisses, without prejudice, Kinne's claim to the extent he claims individual coverage under the FLSA.

### B. Kinne alleges enterprise coverage under the FLSA.

An employee may assert "enterprise coverage" if his employer (1) has employees engaged in interstate commerce or in the production of goods for

interstate commerce, or employees who handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person, and (2) has gross volume sales or business of at least $500,000 annually. 26 U.S.C. § 203(s)(1)(A). "To satisfy the first prong, [a] [p]laintiff must demonstrate that, on a regular and recurrent basis, at least two of [the] [d]efendants' employees engaged in commerce or handled goods and material that have been moved in commerce." *Williams v. Signature Pools & Spas, Inc.*, 615 F. Supp. 2d 1374, 1378 (S.D. Fla. 2009) (Ungaro, J.). Tools used by a company's employee in connection with an employer's commercial activity are materials handled by the employee within the meaning of the FLSA. *Polycarpe v. E & S Landscaping Serv., Inc.,* 616 F.3d 1217, 1226 (11th Cir. 2010).

Here, Kinne alleges that the Defendants employ two or more people "who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce." (Compl. at ¶ 13.) Kinne also alleges that he engaged in "sales, marketing, and deliveries" for the Defendants' "wholesale medical supplies company." (*Id.* at ¶¶ 5, 7.) Construing the facts in the light most favorable to Kinne, it is reasonable to infer that a wholesale medical supplies company is engaged in interstate commerce and that to market, sell, or deliver medical supplies, employees use transportation or example products that are considered materials moved in interstate commerce. *See Charles v. Artistic Landscape Creations, Inc.*, No. 14-62740-CIV-COHN/SELTZER, 2015 WL 11201175, at *2 (S.D. Fla. April 20, 2015) (Cohn, J.) (where the Court inferred enterprise coverage from the plaintiff's allegation that he drove vehicles for a landscaping business). Certainly, "to properly allege individual or enterprise coverage, [an FLSA plaintiff] need not do much. Aside from stating the nature of his work and the nature of [his employer's] business, he must provide only straightforward allegations connecting that work to interstate commerce." *Ceant*, 874 F. Supp. 2d at 1378; *see also Gonzalez v. Unidad of Miami Beach, Inc.,* 2011 WL 2983671, at *2 (S.D. Fla. July 22, 2011) (Huck, J.) (FLSA coverage properly stated where complaint alleged that defendants' employees "regularly sold, handled, or otherwise worked on goods and/or materials that had been moved or produced for commerce," and that defendant "was an enterprise engaged in commerce . . . as defined by the FLSA"). Based on the nature of the business alleged in this case, it is simply not plausible, at the motion-to-dismiss stage, to imagine such a company operating wholly intrastate. Further, although the Defendants argue that Kinne fails to distinguish between materials and goods, the Court can infer from the facts that the goods the Defendants' employees handle are in fact medical supply products that are not consumed by the employer. *See Polycarpe,* 616

F.3d at 1226–27. Additionally, Kinne fulfills the second prong of enterprise coverage by alleging the Defendants' gross revenue exceeds $500,000 for the past three years. (Compl. at ¶ 14.) Thus, Kinne sufficiently pleads enterprise coverage under the FLSA.

### 4. Kinne sufficiently pleads a violation of Section 7434.

The complaint also alleges that the Defendants willfully filed a fraudulent information return due to the Defendant's intentional misclassification of Kinne as an independent contractor rather than as an employee and misstatement of the amount of money actually paid to Kinne, in violation of 26 U.S.C. § 7434. (Compl. at ¶¶ 37–40.) Section 7434 provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

To establish a claim for tax fraud under Section 7434, Kinne must show (1) that the Defendants issued an information return; (2) that the information return was fraudulent; and (3) that the Defendants willfully issued a fraudulent information return. *Seijo v. Casa Salsa, Inc.*, No. 12-60892-Civ., 2013 WL 6184969, at *7 (S.D. Fla. Nov. 25, 2013) (Scola, J.) (citing *Pitcher v. Waldman*, No. 1:11-cv-148, 2012 WL 5269060, at *4 (S.D. Ohio Oct. 23, 2012). As the Defendants point out, case law in the Eleventh Circuit discussing the pleading standard for filing fraudulent tax returns is sparse. However, "circuit courts around the country have found that 'willfulness' in the context of the statute 'connotes a voluntary, intentional violation of a legal duty,' and that tax fraud typically requires 'intentional wrongdoing.'" *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1297 (S.D. Fla. 2014) (Moreno, J.) (citing *Vandenheede v. Vecchio*, 541 Fed. App'x 577, 580 (6th Cir. 2013); *Granado v. Comm'r*, 792 F.2d 91, 93 (7th Cir. 1986)).

With respect to the first element, Kinne alleges the Defendants filed 1099 forms, which are in fact information returns. The second element requires proof that the return was fraudulent, which means it was not an error but rather an intentional wrongdoing. *Pitcher*, 2012 WL 5269060 at *5. "Bare assertions that [the] Defendants 'knew' the returns to be false . . . without specific facts as to the who, what, when, why or how surrounding the actual filing of returns – does not meet the standard for pleading tax fraud." *Leon,* 51 F. Supp. 3d at 1298. Kinne contends that he states the who, what, when, why, and how of the Defendants' allegedly unlawful acts by means of the following allegations: (1) the Defendants filed 1099 forms instead of W-2 forms for 2016–2018, (2) to avoid paying taxes, (3) by misclassifying him as an independent contractor and misstating the amount of money paid, (4) despite McCall's

knowledge and control over Kinne's scope of employment. (Compl. at ¶¶ 37–42.) With respect to the third element, the Court can infer that the Defendant's intentionally filed incorrect forms at this stage in the pleadings because McCall had knowledge of Kinne's scope of employment, due to McCall's control of IMED employees, and because at some point in 2016 the Defendants decided to file a Form 1099 instead of a W-2 for Kinne. (Compl. at ¶ 18.)

Although no United States Circuit Court has addressed the issue, some district courts have concluded that Section 7434 creates a private cause of action only where the information return is fraudulent with respect to the amount purportedly paid to the plaintiff. *Tran v. Tran*, 239 F. Supp. 3d 1296, 1297 (M.D. Fla. 2017). Here, the Defendants' argue that "[i]t is clear that [Kinne's] claim is based solely on the issuance of Form 1099 and not an alleged wrong amount." (Def.'s Mot. at 9.) However, the Defendants fail to notice that the complaint does in fact allege that the Defendants misrepresented the amount of money paid to Kinne on the Form 1099. (Compl. at ¶¶ 23, 38.) As alleged, the Defendants represented Kinne was paid $22,900 on his 2017 Form 1099 when, in fact, they had only paid him $13,800. (*Id.* at ¶ 38.)

The Defendants also contend that Kinne has not sufficiently alleged that McCall individually issued the fraudulent form. The Court disagrees. Instead, the Court finds "[t]he complaint can be fairly read to aver that [both] defendants are responsible for the alleged conduct." *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000). The Court interprets Kinne's allegations against both Defendants to mean that he has a good faith belief to allege that both Defendants were equally and coextensively responsible for the alleged conduct. At minimum, the Court can reasonably infer that McCall, as an owner with operational control, including control over employment practices and compensation, had control over the filing of the allegedly fraudulent return.

In sum, Kinne sufficiently pleads a violation of Section 7434 against both Defendants.

### 5. Conclusion

For the reasons set forth above, the Court **grants** the Defendant's motion (**ECF No. 6**) **in part and denies it in part** (with respect to individual coverage). The Defendants must respond to the complaint on or before **July 12, 2019**.

**Done and ordered** at Miami, Florida, on July 3, 2019.

_____
Robert N. Scola, Jr.
United States District Judge