## SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT

THIS SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT (the "AGREEMENT") is made by and between THOMAS KINNE together with his heirs, agents, legal representatives, successors, assigns and attorneys (referred herein as "PLAINTIFF"); and between IMED HEALTH PRODUCTS, LLC, together with its parents, subsidiaries, affiliated corporations, owners, shareholders, agents, directors, and officers and CHRISTOPHER McCALL, together with his heirs, agents, legal representatives, successors, assigns and attorneys. IMED HEALTH PRODUCTS, LLC and CHRISTOPHER McCALL are together referred to herein as "THE IMED PARTIES")

In consideration of mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, and in order to fully and completely compromise, settle and resolve all existing disputes, disagreements, and controversies, known or unknown, the parties hereby agree as follows:

1. **Terms of Payment**. As consideration for the release of any and all claims that PLAINTIFF may have against THE IMED PARTIES as of the date of execution of this AGREEMENT, THE IMED PARTIES agree to deliver to Law Offices of Charles Eiss, P.L. at 7951 SW 6th Street, Suite 112, Plantation, Florida 33314, the total gross sum of Seven Thousand and Five Hundred Dollars ($7,500.00) in total payment. This sum shall be delivered in one payment within thirty calendar (30) days from the date the Court approves the terms of this Agreement and enters an order dismissing this matter with prejudice, pursuant to the terms of Paragraph (e) below.

The allocation of the funds paid pursuant to the terms of this Paragraph is as follows:

a. Four Thousand and 00/100 Dollars ($4,000.00) Payable to "Thomas Kinne" less no deductions or withholdings, for which an IRS Form 1099 shall issue. This amount represents damages and liquidate damages in equal amount of Two Thousand Dollars each.

b. Three Thousand Five Hundred and 00/100 Dollars ($3,500.00) payable to "Law Offices of Charles Eiss, P.L." for all attorney's fees and costs incurred, as wages and liquidated damages, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

Prior to the payment being sent, and as condition thereof, THOMAS KINNE and Law Offices of Charles Eiss, P.L. shall provide executed IRS Forms W9 to

PLAINTIFF agrees to indemnify and hold harmless THE IMED PARTIES from and against any and all liability that THE IMED PARTIES may sustain as a result of claims, demands, costs, or judgments relating to these payments. PLAINTIFF further represents that he and his legal representatives alone are entitled to the settlement funds received and there are no

THOMAS KINNE _____                    IMED HEALTH PRODUCTS, LLC _____
                                            CHRISTOPHER McCALL _____

claims or liens whatsoever made to these funds by any other party, including any claims made by any insurance carrier. In the event that amounts paid to PLAINTIFF pursuant to this AGREEMENT are subject to any claims, liens or subrogated interests, PLAINTIFF agrees to indemnify and hold harmless THE IMED PARTIES from and against any and all liability that THE IMED PARTIES may sustain as a result of such claims, liens or subrogated interests. PLAINTIFF agrees to the distribution of the settlement proceeds as set forth above.

c. <u>Non-Admission of Liability</u>. The parties agree that this sum is being paid for alleged violations of the Fair Labor Standards Act, as an amicable resolution of the Parties' dispute, in order to avoid the risks and costs involved in further litigation of this dispute. As such, THE IMED PARTIES continue to deny any and all liability to PLAINTIFF and nothing in this AGREEMENT shall be construed as an admission of any wrongdoing by THE IMED PARTIES

d. <u>Mutual General Release</u>. PLAINTIFF agrees to fully release THE IMED PARTIES from any and all claims that PLAINTIFF may have from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which PLAINTIFF now owns or holds, and to waive any right to recover in any action which may be brought on his behalf by any person or entity, including any governmental agency such as the U.S. Department of Labor, U.S. Equal Employment Opportunity Commission, The Florida Commission on Human Relations or the Department of Labor (the named agencies are meant to be illustrative rather than all-inclusive), including but not limited to any violations of:

- The FLSA;
- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Family and Medical Leave Act of 1993, as amended;
- The Immigration Reform and Control Act, as amended;
- The Equal Pay Act, as amended;
- The Age Discrimination in Employment Act, as amended;
- The Americans with Disabilities Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- Florida Wage Payment Laws;
- Broward County Wage Payment Ordinances;
- Broward County Employment Ordinances;
- Florida Workers' Compensation Retaliation Statute, Fla. Stat. Section 440.205;
- Any and all claims based upon tort, personal injury, or common law;
- Any and all claims based upon public policy, contract (both expressed and

THOMAS KINNE _____   IMED HEALTH PRODUCTS, LLC
                             CHRISTOPHER MCCALL _____

2

implied);
- Any and all claims for wrongful discharge, unpaid wages, back wages, future wage loss, employee benefits, bonuses, stock options;
- Any other federal, state or local statute, regulation or ordinance;
- Any and all claims for punitive or liquidated damages; and,
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.
- Any and all claims, including all attorney's fees and costs, related in any manner to PLAINTIFF'S association, employment, or relationship with THE IMED PARTIES

Similarly, THE IMED PARTIES agree to fully release PLAINTIFF from any and all claims that THE IMED PARTIES may have against PLAINTIFF from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which THE IMED PARTIES now own or hold, and to waive any right to recover in any action which may be brought on their behalf against PLAINTIFF.

e.  **Voluntary Dismissal of The Lawsuit.** The parties hereto agree that, subject to a reservation of jurisdiction to enforce this agreement, upon the final execution of this AGREEMENT by all parties, counsel for the Plaintiff shall deliver an order for execution by the Court which dismisses the following actions, with prejudice, with each party bearing his/hers/its own costs and fees, except as otherwise provided herein: in the United States District Court, for the Southern District of Florida, case styled: *Thomas Kinne v. Imed Health Products, LLC, et al.*, S.D. Fla. Case No. 0:18-cv-62183-RNS. The United States District Court for the Southern District of Florida shall have continuing jurisdiction to construe, interpret and enforce the provisions of this Agreement and Release

f.  **Confidentiality.** It is understood and agreed that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that PLAINTIFF shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of PLAINTIFF'S claims from the time the settlement was agreed upon forward. In the event any other person or entity asks PLAINTIFF about the lawsuit or about any of the disputes relating to PLAINTIFF'S association or employment with THE IMED PARTIES, PLAINTIFF shall respond only that the matter was amicably resolved and shall provide no further information. Further, PLAINTIFF agrees not to disclose to any other person or otherwise use any information contained in any of the documents or information they have obtained from THE IMED PARTIES.

THE IMED PARTIES agree that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that THE IMED PARTIES and their legal representatives shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount

THOMAS KINNE ___   IMED HEALTH PRODUCTS, LLC ___
                                    CHRISTOPHER MCCALL ___

3

of the settlement of PLAINTIFF'S claims, or the existence of a dispute, from the time the settlement was agreed upon forward. In the event any other person or entity asks THE IMED PARTIES about the lawsuit or about any of the disputes relating to PLAINTIFF'S association with or employment with THE IMED PARTIES, they shall respond only that the matter was amicably resolved and shall provide no further information.

       This confidentiality requirement <u>does not</u> preclude PLAINTIFF or THE IMED PARTIES from disclosing the existence, terms, conditions and monetary amount of this AGREEMENT: a) to their lawful spouse, legal representatives, accountants, insurers and tax preparers; b) to Government officials upon request or pursuant to subpoena, in response to a Court order, or when required for court approval; c) for enforcement of agreement. In the event disclosure is required to a spouse, legal representative, accountant, or tax preparer, it shall be the parties' responsibility to advise said individual(s) of the confidential nature of this AGREEMENT and to secure from such individual his or his assent to be bound by this confidentiality agreement not to disclose, publicize or discuss this AGREEMENT or any of their terms with anyone else. In the event disclosure is required to government officials upon request or pursuant to subpoena, in response to a Court order, PLAINTIFF and THE IMED PARTIES shall provide notice to the other Parties within three (3) days of such requests, to permit the assertion of what rights are available to them.

       g.    <u>Non-Disparagement</u>. PLAINTIFF agrees not to make any disparaging or negative remarks concerning THE IMED PARTIES or any of their parents, subsidiaries, affiliated corporations or associations, and/or representatives. THE IMED PARTIES agree not to make any disparaging or negative remarks concerning PLAINTIFF.

       h.    <u>Neutral Reference</u>. In the event THE IMED PARTIES receive a telephonic inquiry concerning PLAINTIFF'S association or employment with IMED HEALTH PRODUCTS, LLC, they shall respond only with a confirmation of PLAINTIFF'S dates of association/employment (if any), rate(s) of pay, and position held by PLAINTIFF with THE IMED PARTIES. No other information shall be provided.

       i.    <u>No Right of Future Employment or Association</u>. PLAINTIFF agrees that he declines any employment or working association with THE IMED PARTIES and shall not, at any time in the future, seek or accept employment, association, or any working relationship with THE IMED PARTIES, whether as an employee or independent contractor, and that any application made by PLAINTIFF may be rejected without liability to THE IMED PARTIES.

       j.    <u>Breach or Violation of Agreement</u>: It is further understood and agreed that if, at any time, a material violation of any term of the AGREEMENT is asserted by any Party hereto, that Party shall be entitled to injunctive relief, including, but not limited to a temporary restraining order and/or a preliminary or permanent injunction to restrain or enjoin any violation or threatened violation of this AGREEMENT. Injunctive relief shall be in addition to, and not in lieu of, any other remedy that may be sought.

THOMAS KINNE _____

IMED HEALTH PRODUCTS, LLC
CHRISTOPHER MCCALL _____

4

of the settlement of PLAINTIFF'S claims, or the existence of a dispute, from the time the settlement was agreed upon forward. In the event any other person or entity asks THE IMED PARTIES about the lawsuit or about any of the disputes relating to PLAINTIFF'S association with or employment with THE IMED PARTIES, they shall respond only that the matter was amicably resolved and shall provide no further information.

This confidentiality requirement does not preclude PLAINTIFF or THE IMED PARTIES from disclosing the existence, terms, conditions and monetary amount of this AGREEMENT: a) to their lawful spouse, legal representatives, accountants, insurers and tax preparers; b) to Government officials upon request or pursuant to subpoena, in response to a Court order, or when required for court approval; c) for enforcement of agreement. In the event disclosure is required to a spouse, legal representative, accountant or tax preparer, it shall be the parties' responsibility to advise said individual(s) of the confidential nature of this AGREEMENT and to secure from such individual his or his assent to be bound by this confidentiality agreement not to disclose, publicize or discuss this AGREEMENT or any of their terms with anyone else. In the event disclosure is required to government officials upon request or pursuant to subpoena, in response to a Court order, PLAINTIFF and THE IMED PARTIES shall provide notice to the other Parties within three (3) days of such requests, to permit the assertion of what rights are available to them.

      g.    **Non-Disparagement**. PLAINTIFF agrees not to make any disparaging or negative remarks concerning THE IMED PARTIES or any of their parents, subsidiaries, affiliated corporations or associations, and/or representatives. THE IMED PARTIES agree not to make any disparaging or negative remarks concerning PLAINTIFF.

      h.    **Neutral Reference**. In the event THE IMED PARTIES receive a telephonic inquiry concerning PLAINTIFF'S association or employment with IMED HEALTH PRODUCTS, LLC, they shall respond only with a confirmation of PLAINTIFF'S dates of association/employment (if any), rate(s) of pay, and position held by PLAINTIFF with THE IMED PARTIES. No other information shall be provided.

      i.    **No Right of Future Employment or Association**. PLAINTIFF agrees that he declines any employment or working association with THE IMED PARTIES and shall not, at any time in the future, seek or accept employment, association, or any working relationship with THE IMED PARTIES, whether as an employee or independent contractor, and that any application made by PLAINTIFF may be rejected without liability to THE IMED PARTIES.

      j.    **Breach or Violation of Agreement**: It is further understood and agreed that if, at any time, a material violation of any term of the AGREEMENT is asserted by any Party hereto, that Party shall be entitled to injunctive relief, including, but not limited to a temporary restraining order and/or a preliminary or permanent injunction to restrain or enjoin any violation or threatened violation of this AGREEMENT. Injunctive relief shall be in addition to, and not in lieu of, any other remedy that may be sought.

THOMAS KINNE _____

IMED HEALTH PRODUCTS, LLC
CHRISTOPHER MCCALL _____

4

In any action to enforce the terms of this AGREEMENT, or any provision thereof, the prevailing party shall be entitled to recover his/its attorneys' fees and costs.

k.  **Application of the laws of the State of Florida**. This AGREEMENT and the application or interpretation thereof, shall be governed exclusively by their terms and by the laws of the State of Florida. The parties agree that jurisdiction over this matter shall be in a court of competent jurisdiction in the County of Broward if the District Court for the Southern District of Florida declines to exercise jurisdiction.

l.  **Entire Agreement**. This AGREEMENT represents the entire agreement and understanding between the parties and supersedes all prior negotiations, understandings, representations (if any), and agreements made by and between the parties.

m.  **Construction**. This AGREEMENT has been jointly negotiated. The language of this AGREEMENT shall be construed as a whole according to its fair meaning and not strictly for or against any Party. Each Party specifically waives the application of the common law doctrine that agreements are to be construed against the Party who drafted the AGREEMENT.

n.  **Enforceability**. If any term or condition of this AGREEMENT shall be declared to be illegal, invalid or unenforceable to any extent or in any application, then the remainder of this AGREEMENT and such term or condition except to such extent or in such application, shall not be affected hereby and each and every term and condition of this AGREEMENT shall be valid and enforced to the fullest extent and the broadest application permitted by law. Any future tax consequences that may arise shall not provide a basis to set aside, or in any way alter, this AGREEMENT.

o.  **Modification**. This AGREEMENT may not be modified, supplemented or waived orally, but only by a writing signed by the party as to whom the enforcement of such modification, supplement or waiver is sought and making specific reference to this AGREEMENT.

p.  **Binding Effect**. All of the terms of this AGREEMENT shall be binding upon, and inure to the benefit of and be enforceable by, the parties and their personal or legal representatives, heirs, successors, beneficiaries and permitted assigns.

q.  **Agreement Not to Be Used as Evidence**. This AGREEMENT shall not be admissible as evidence in any proceeding except one in which a party to this AGREEMENT seeks to enforce this AGREEMENT, and this AGREEMENT has been breached or seeks contribution for amounts paid under this AGREEMENT or one in which a court or administrative agency of competent jurisdiction orders a party to produce this AGREEMENT.

r.  **Signatures in Counterparts**. This AGREEMENT may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. However, such counterparts shall together constitute one and the same document. A copy or .pdf

THOMAS KINNE _____          IMED HEALTH PRODUCTS, LLC _____
                            CHRISTOPHER MCCALL

5

version of this AGREEMENT or any counterpart shall be considered the same as an original for all purposes.

    s.    **Legal Advice**. Prior to signing this AGREEMENT, all signatory Parties had the opportunity to have this AGREEMENT reviewed by legal counsel of their choice and to consult with their attorneys regarding its content and the terms of this AGREEMENT.

IN WITNESS WHEREOF, the parties have executed this Settlement, Mutual Release and Confidentiality Agreement the day and year written.

Date: 10/14/19

_____
THOMAS KINNE

Date: _____

_____
IMED HEALTH PRODUCTS, LLC
By:
Title: President

Date: _____

_____
CHRISTOPHER MCCALL


THOMAS KINNE

IMED HEALTH PRODUCTS, LLC
CHRISTOPHER MCCALL

6

## SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT

THIS SETTLEMENT, MUTUAL RELEASE AND CONFIDENTIALITY AGREEMENT (the "AGREEMENT") is made by and between THOMAS KINNE together with his heirs, agents, legal representatives, successors, assigns and attorneys (referred herein as "PLAINTIFF'); and between IMED HEALTH PRODUCTS, LLC, together with its parents, subsidiaries, affiliated corporations, owners, shareholders, agents, directors, and officers and CHRISTOPHER McCALL, together with his heirs, agents, legal representatives, successors, assigns and attorneys. IMED HEALTH PRODUCTS, LLC and CHRISTOPHER McCALL are together referred to herein as "THE IMED PARTIES").

In consideration of mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, and in order to fully and completely compromise, settle and resolve all existing disputes, disagreements, and controversies, known or unknown, the parties hereby agree as follows:

**1. Terms of Payment**. As consideration for the release of any and all claims that PLAINTIFF may have against THE IMED PARTIES as of the date of execution of this AGREEMENT, THE IMED PARTIES agree to deliver to Law Offices of Charles Eiss, P.L. at 7951 SW 6th Street, Suite 112, Plantation, Florida 33324, the total gross sum of Seven Thousand and Five Hundred Dollars ($7,500.00) in total payment. This sum shall be delivered in one payment within thirty calendar (30) days from the date the Court approves the terms of this Agreement and enters an order dismissing this matter with prejudice, pursuant to the terms of Paragraph (e) below.

The allocation of the funds paid pursuant to the terms of this Paragraph is as follows:

a. Four Thousand and 00/100 Dollars ($4,000.00) Payable to "Thomas Kinne" less no deductions or withholdings, for which an IRS Form 1099 shall issue. This amount represents damages and liquidate damages in equal amount of Two Thousand Dollars each.

b. Three Thousand Five Hundred and 00/100 Dollars ($3,500.00) payable to "Law Offices of Charles Eiss, P.L." for all attorney's fees and costs incurred. as wages and liquidated damages, less no deductions or withholdings, for which an IRS Form 1099 shall issue.

Prior to the payment being sent, and as condition thereof, THOMAS KINNE and Law Offices of Charles Eiss, P.L. shall provide executed IRS Forms W9 to adi@defenderofbusiness.com.

PLAINTIFF agrees to indemnify and hold harmless THE IMED PARTIES from and against any and all liability that THE IMED PARTIES may sustain as a result of claims, demands, costs, or judgments relating to these payments. PLAINTIFF further represents that he and his legal representatives alone are entitled to the settlement funds received and there are no

THOMAS KINNE _____   IMED HEALTH PRODUCTS, LLC _____
                      CHRISTOPHER MCCALL _____

1

claims or liens whatsoever made to these funds by any other party, including any claims made by any insurance carrier. In the event that amounts paid to PLAINTIFF pursuant to this AGREEMENT are subject to any claims, liens or subrogated interests, PLAINTIFF agrees to indemnify and hold harmless THE IMED PARTIES from and against any and all liability that THE IMED PARTIES may sustain as a result of such claims, liens or subrogated interests. PLAINTIFF agrees to the distribution of the settlement proceeds as set forth above.

   c.  **Non-Admission of Liability**. The parties agree that this sum is being paid for alleged violations of the Fair Labor Standards Act, as an amicable resolution of the Parties' dispute, in order to avoid the risks and costs involved in further litigation of this dispute. As such, THE IMED PARTIES continue to deny any and all liability to PLAINTIFF and nothing in this AGREEMENT shall be construed as an admission of any wrongdoing by THE IMED PARTIES

   d.  **Mutual General Release**. PLAINTIFF agrees to fully release THE IMED PARTIES from any and all claims that PLAINTIFF may have from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which PLAINTIFF now owns or holds, and to waive any right to recover in any action which may be brought on his behalf by any person or entity, including any governmental agency such as the U.S. Department of Labor, U.S. Equal Employment Opportunity Commission, The Florida Commission on Human Relations or the Department of Labor (the named agencies are meant to be illustrative rather than all-inclusive), including but not limited to any violations of:

- The FLSA;
- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Family and Medical Leave Act of 1993, as amended;
- The Immigration Reform and Control Act, as amended;
- The Equal Pay Act, as amended;
- The Age Discrimination in Employment Act; as amended;
- The Americans with Disabilities Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- Florida Wage Payment Laws;
- Broward County Wage Payment Ordinances;
- Broward County Employment Ordinances;
- Florida Workers' Compensation Retaliation Statute, Fla. Stat. Section 440.205;
- Any and all claims based upon tort, personal injury, or common law;
- Any and all claims based upon public policy, contract (both expressed and

THOMAS KINNE ___                                       IMED HEALTH PRODUCTS, LLC ___
                                         CHRISTOPHER MCCALL ___

2

implied);
- Any and all claims for wrongful discharge, unpaid wages, back wages, future wage loss, employee benefits, bonuses, stock options;
- Any other federal, state or local statute, regulation or ordinance;
- Any and all claims for punitive or liquidated damages; and,
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.
- Any and all claims, including all attorney's fees and costs, related in any manner to PLAINTIFF'S association, employment, or relationship with THE IMED PARTIES

Similarly, THE IMED PARTIES agree to fully release PLAINTIFF from any and all claims that THE IMED PARTIES may have against PLAINTIFF from the beginning of time until the date of this agreement, whether known or unknown, suspected or unsuspected, which THE IMED PARTIES now own or hold, and to waive any right to recover in any action which may be brought on their behalf against PLAINTIFF.

e.  **Voluntary Dismissal of The Lawsuit**.  The parties hereto agree that, subject to a reservation of jurisdiction to enforce this agreement, upon the final execution of this AGREEMENT by all parties, counsel for the Plaintiff shall deliver an order for execution by the Court which dismisses the following actions, with prejudice, with each party bearing his/hers/its own costs and fees, except as otherwise provided herein: in the United States District Court, for the Southern District of Florida, case styled: *Thomas Kinne v. Imed Health Products, LLC, et al.,* S.D. Fla. Case No. 0:18-cv-62183-RNS. The United States District Court for the Southern District of Florida shall have continuing jurisdiction to construe, interpret and enforce the provisions of this Agreement and Release

f.  **Confidentiality**.  It is understood and agreed that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that PLAINTIFF shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount of the settlement of PLAINTIFF'S claims from the time the settlement was agreed upon forward.  In the event any other person or entity asks PLAINTIFF about the lawsuit or about any of the disputes relating to PLAINTIFF'S association or employment with THE IMED PARTIES, PLAINTIFF shall respond only that the matter was amicably resolved and shall provide no further information. Further, PLAINTIFF agrees not to disclose to any other person or otherwise use any information contained in any of the documents or information they have obtained from THE IMED PARTIES.

THE IMED PARTIES agree that the existence, terms, conditions and monetary amount of this AGREEMENT, specifically including, but not limited to, the fact that there has been a settlement, are confidential and that THE IMED PARTIES and their legal representatives shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this AGREEMENT or the existence, terms, conditions or monetary amount

THOMAS KINNE 𝒦 \_\_\_\_\_                                   IMED HEALTH PRODUCTS, LLC \_\_\_\_\_
                                                            CHRISTOPHER MCCALL \_\_\_\_\_

3

of the settlement of PLAINTIFF'S claims, or the existence of a dispute, from the time the settlement was agreed upon forward. In the event any other person or entity asks THE IMED PARTIES about the lawsuit or about any of the disputes relating to PLAINTIFF'S association with or employment with THE IMED PARTIES, they shall respond only that the matter was amicably resolved and shall provide no further information.

This confidentiality requirement <u>does not</u> preclude PLAINTIFF or THE IMED PARTIES from disclosing the existence, terms, conditions and monetary amount of this AGREEMENT: a) to their lawful spouse, legal representatives, accountants, insurers and tax preparers; b) to Government officials upon request or pursuant to subpoena, in response to a Court order, or when required for court approval; c) for enforcement of agreement. In the event disclosure is required to a spouse, legal representative, accountant, or tax preparer, it shall be the parties' responsibility to advise said individual(s) of the confidential nature of this AGREEMENT and to secure from such individual his or his assent to be bound by this confidentiality agreement not to disclose, publicize or discuss this AGREEMENT or any of their terms with anyone else. In the event disclosure is required to government officials upon request or pursuant to subpoena, in response to a Court order, PLAINTIFF and THE IMED PARTIES shall provide notice to the other Parties within three (3) days of such requests, to permit the assertion of what rights are available to them.

g. **<u>Non-Disparagement</u>**. PLAINTIFF agrees not to make any disparaging or negative remarks concerning THE IMED PARTIES or any of their parents, subsidiaries, affiliated corporations or associations, and/or representatives. THE IMED PARTIES agree not to make any disparaging or negative remarks concerning PLAINTIFF.

h. **<u>Neutral Reference</u>**. In the event THE IMED PARTIES receive a telephonic inquiry concerning PLAINTIFF'S association or employment with IMED HEALTH PRODUCTS, LLC, they shall respond only with a confirmation of PLAINTIFF'S dates of association/employment (if any), rate(s) of pay, and position held by PLAINTIFF with THE IMED PARTIES. No other information shall be provided.

i. **<u>No Right of Future Employment or Association</u>**. PLAINTIFF agrees that he declines any employment or working association with THE IMED PARTIES and shall not, at any time in the future, seek or accept employment, association, or any working relationship with THE IMED PARTIES, whether as an employee or independent contractor, and that any application made by PLAINTIFF may be rejected without liability to THE IMED PARTIES.

j. **<u>Breach or Violation of Agreement</u>**: It is further understood and agreed that if, at any time, a material violation of any term of the AGREEMENT is asserted by any Party hereto, that Party shall be entitled to injunctive relief, including, but not limited to a temporary restraining order and/or a preliminary or permanent injunction to restrain or enjoin any violation or threatened violation of this AGREEMENT. Injunctive relief shall be in addition to, and not in lieu of, any other remedy that may be sought.

THOMAS KINNE _____                                  IMED HEALTH PRODUCTS, LLC _____
                                                                                         CHRISTOPHER MCCALL _____

4

In any action to enforce the terms of this AGREEMENT, or any provision thereof, the prevailing party shall be entitled to recover his/its attorneys' fees and costs.

k. **Application of the laws of the State of Florida**. This AGREEMENT and the application or interpretation thereof, shall be governed exclusively by their terms and by the laws of the State of Florida. The parties agree that jurisdiction over this matter shall be in a court of competent jurisdiction in the County of Broward if the District Court for the Southern District of Florida declines to exercise jurisdiction.

l. **Entire Agreement**. This AGREEMENT represents the entire agreement and understanding between the parties and supersedes all prior negotiations, understandings, representations (if any), and agreements made by and between the parties.

m. **Construction**. This AGREEMENT has been jointly negotiated. The language of this AGREEMENT shall be construed as a whole according to its fair meaning and not strictly for or against any Party. Each Party specifically waives the application of the common law doctrine that agreements are to be construed against the Party who drafted the AGREEMENT.

n. **Enforceability**. If any term or condition of this AGREEMENT shall be declared to be illegal, invalid or unenforceable to any extent or in any application, then the remainder of this AGREEMENT and such term or condition except to such extent or in such application, shall not be affected hereby and each and every term and condition of this AGREEMENT shall be valid and enforced to the fullest extent and the broadest application permitted by law. Any future tax consequences that may arise shall not provide a basis to set aside, or in any way alter, this AGREEMENT.

o. **Modification**. This AGREEMENT may not be modified, supplemented or waived orally, but only by a writing signed by the party as to whom the enforcement of such modification, supplement or waiver is sought and making specific reference to this AGREEMENT.

p. **Binding Effect**. All of the terms of this AGREEMENT shall be binding upon, and inure to the benefit of and be enforceable by, the parties and their personal or legal representatives, heirs, successors, beneficiaries and permitted assigns.

q. **Agreement Not to Be Used as Evidence**. This AGREEMENT shall not be admissible as evidence in any proceeding except one in which a party to this AGREEMENT seeks to enforce this AGREEMENT, and this AGREEMENT has been breached or seeks contribution for amounts paid under this AGREEMENT or one in which a court or administrative agency of competent jurisdiction orders a party to produce this AGREEMENT.

r. **Signatures in Counterparts**. This AGREEMENT may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. However, such counterparts shall together constitute one and the same document. A copy or .pdf

THOMAS KINNE _____                    IMED HEALTH PRODUCTS, LLC _____
                                          CHRISTOPHER MCCALL _____

5

version of this AGREEMENT or any counterpart shall be considered the same as an original for all purposes.

    s.    **Legal Advice**.  Prior to signing this AGREEMENT, all signatory Parties had the opportunity to have this AGREEMENT reviewed by legal counsel of their choice and to consult with their attorneys regarding its content and the terms of this AGREEMENT.

    IN WITNESS WHEREOF, the parties have executed this Settlement, Mutual Release and Confidentiality Agreement the day and year written.

Date: 10/14/19    _____
    THOMAS KINNE

Date: _____    _____
    IMED HEALTH PRODUCTS, LLC
    By:
    Title:

Date: _____    _____
    CHRISTOPHER MCCALL

THOMAS KINNE _____        IMED HEALTH PRODUCTS, LLC _____
                                    CHRISTOPHER MCCALL _____